**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (646) 593-8866
Fax:     (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JALDHI OVERSEAS PTE LIMITED

                Plaintiff,

          - against -

RASHMI METALIKS LIMITED,

                Defendant.

------------------------------------------------------------X

ECF CASE

08 Civ. 05657 (MGC)

**VERIFIED COMPLAINT**

      Plaintiff, JALDHI OVERSEAS PTE LIMITED ("Plaintiff"), by its attorneys,

LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

## JURISDICTION AND VENUE

      1.     This is a case of admiralty and maritime jurisdiction within the meaning

of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and

maritime jurisdiction of the United States and of this Honorable Court. This case also

falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

Finally, this Court also has jurisdiction over this matter because the action also arises

under the convention on the Recognition and Enforcement of Foreign Arbitral Awards,

codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

2.     At all material times, Plaintiff was and now is a foreign corporation

organized under and existing by virtue of the laws of The Republic of Singapore, and is

the time chartered owner of the M.V. RISHIKESH (the "Vessel"), a bulk carrier of

about 47,316 deadweight tons capacity engaged in the carriage of bulk cargo by water.

3.     Upon information and belief, at all material times, Defendant, RASHMI

METALIKS LIMITED ("Defendant") was and now is a foreign corporation organized

under and existing by virtue of the laws of The Republic of India, and was the charterer

of the Vessel.

## FACTS GIVING RISE TO CLAIM

4.     On or about March 12, 2008, a Fixture Note (the "Fixture") was made

between Plaintiff, as time chartered owner of the Vessel, and Defendant, whereby

Defendant chartered the Vessel for the carriage of about 50,000 metric tons of iron ore

in bulk from safe ports and safe berths at Haldia and Paradip, India for discharge at one

safe port one safe berth main port China. A copy of the Fixture Note is annexed hereto

as **Exhibit A.**

5.     The Fixture provided a freight rate of $58 per metric ton and "100% of

freight to be credited to [Plaintiff's] bank account within 2 banking days of completion

of loading." The Fixture also provided a loading rate of 8,000 MT and 10,000 MT per

day at Haldia and Paradip, respectively, and a discharging rate of 15,000 MT per day

Sundays and Holidays included. Demurrage was payable by Defendant to Plaintiff at the

2

rate of $55,000 per 24 consecutive hours or pro rata for all time that loading and discharging exceeded the allowed laytime. The Fixture also provided that demurrage should be settled within 7 days after completion of discharge.

6.    Pursuant to the Fixture the Defendant ordered the Vessel to Haldia Port, India to load the iron ore cargo. The Vessel arrived at Haldia on March 29, 2008 at 0700 hrs and tendered her notice of readiness (NOR) which was accepted as per the terms of the Fixture. The Vessel commenced loading her cargo at 0100 hours on March 30 and ceased loading at 1905 hours on March 30 due to a breakdown of the Vessel's crane. The Vessel reberthed at 0412 hours on May 30, resumed loading at 2030 hours on June 2 and completed loading at 0600 hours on June 3, 2008. According to Plaintiff's laytime calculations the Vessel was on demurrage from 0000 hours on June 1 to 0600 hours on June 3, or 2 days 4 hours and 53 minutes, which amounts to $121,190.97 (2.2034721 days x $55,000/day). A copy of Plaintiff's Laytime Statement for Haldia is annexed hereto as **Exhibit B**.

7.    The Vessel arrived at the second loading port, Paradip, Orissa at 1000 hrs on June 4, 2008 and tendered her notice of readiness. However, the Vessel did not berth until 0836 hours on June 13, 2008 as Defendant did not have adequate cargo stock inside the port and consequently the Vessel lost her turn for berthing. A copy of a letter from the Paradip Port Trust To Whom It May Concern dated June 11, 2008 is annexed hereto as **Exhibit C**. Accordingly, the Vessel was on detention from 1000 hours on June 4 when it tendered her notice of readiness to load until 0836 hours on June 13, 2008 when the Vessel was all fast to her loading berth. Thus, the Vessel was on detention for 8 days 22 hours and 36 minutes, which amounts to $760,041.67 (8.94166667 days x

$85,000/day). A copy of Plaintiff's Detention Statement at Paradip is annexed hereto as **Exhibit D**,

8.      The Vessel commenced loading at Paradip port at 1020 hours on June 13 and completed loading at 1530 hours on June 15, 2008. As per Plaintiff's Laytime Statement the Vessel was on demurrage at Paradip for 11 minutes, which amount to $449.17 (0.0081667 days x $55,000/day). A copy of Plaintiff's Laytime Statement at Paradip is annexed hereto as **Exhibit E**.

9.      Thus, according to Plaintiff's laytime calculations, the Vessel was on demurrage and/or detention at the loading ports of Hadia and Paradip totaling $881,681.81. Plaintiff has submitted its Debit Note, a copy of which is attached as **Exhibit F** for demurrage and detention together with all supporting documents to Defendant in the amount of $881,681.81 with instructions for payment on receipt.

10.     Plaintiff has also submitted its Freight Invoice to Defendant in the amount of $2,680,180.00, a copy of which is annexed hereto as **Exhibit G**. Pursuant to the terms of the Fixture, Defendant should have paid the freight when it received the Freight Invoice or latest within 2 banking days of completion of loading or June 17, 2008. However, despite various reminders from Plaintiff to Defendant, no freight has been received to date.

11.     By reasons of the premises, Plaintiff has sustained damages in the amount of $3,561,861.81 as best as can presently be calculated.

12.     The Fixture provides that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London with English law. In addition to the full principal amount of Plaintiff's claim outlined above, Plaintiff also seeks an

4

attachment over an additional sum to cover interest as well as its anticipated attorneys' fees and costs, all of which are recoverable in London arbitration. (*See Winter Storm Shipping, Ltd. v. TPI,* 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.")

13.    Plaintiff estimates, as best as can be presently calculated, these additional damages and costs to be $940,251.00 comprised of interest in the sum of $490,251.00 (computed on the principal amount of the claim owed of $3,561,861.81 at a rate of 6.5% compounded quarterly for a period of 24 months), and $450,000.00 estimated English counsel fees and arbitrators' fees which will be incurred in conjunction with the London arbitration, and which are recoverable there.

14.    Plaintiff's total claim against Defendants for which it seeks security herein is $4,502,112.81 ($3,561,861.80 + 490,251.00 + 450,000.00).

15.    All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

16.    Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Rashmi

Metaliks Limited, that it be personally cited to appear and answer the matters set forth above;

2.      That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $4,502,112.81, the sum sued for in this Complaint;

3.      That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4.      That this Court grant to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
       June 23, 2008

                              **LAW OFFICES OF RAHUL WANCHOO**
                              Attorneys for Plaintiff
                              JALDHI OVERSEAS PTE LIMITED

                              By:    _Rahul Wanchoo_____
                                     Rahul Wanchoo (RW-8725)

## **VERIFICATION**

STATE OF NEW JERSEY)

                           ss.

COUNTY OF BERGEN   )

     I,  Rahul Wanchoo, being duly sworn, deposes and says:

     I am an attorney at law and a member of the firm of Law Offices of Rahul

Wanchoo, attorneys for Plaintiff.

     I have read the foregoing Verified Complaint and know the contents thereof and

the same are true to the best of my knowledge, information and belief.

     The reason that this verification is made by me and not by Plaintiff is that Plaintiff

is a foreign corporation and is not within this District.

Rahul Wanchoo

Sworn to and subscribed to
before me this 21st day of June, 2008.

Notary Public

LILA CHIN
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES FEB. 18, 2012

# EXHIBIT A

## FIXTURE NOTE

DATE: 12.03.2008

IT IS THIS DAY MUTUALLY AGREED BETWEEN "JALDHI OVERSEAS PTE LTD" AS OWNER AND "RASHMI METALIKS LIMITED" AS CHARTERERS FOR SHIPMENT OF IRON ORE FINES IN BULK UNDER THE FOLLOWING TERMS & CONDITIONS:-

OWNER : JALDHI OVERSEAS PTE LIMITED, SINGAPORE
101, CECIL STREET, #08-06,TONG ENG BUILDING,
SINGAPORE- 069533

CHARTERER : RASHMI METALIKS LIMITED,
6TH FLOOR, PREMLATA BUILDING,
39, SHAKESPEARE SARANI, KOLKATA - 17

VESSEL'S DETAILS : MV RISHIKESH OR SUBS
BLT 86 / INDIAN FLAG / CLASS IRS / SDBC
47,316 MT DWT ON 11.83 MTRS
LOA 189M /BEAM 30.4M
GRT/NRT 28739/15763
HO/HA 5/5
4 X 25TS SWL CRANES

DESCRIPTION OF CARGO : IRON ORE IN BULK
CHARTERERS TO PROVIDE CARGO QUALITY CERTIFICATION
AS PER IMO / P&I GUIDELINES

QUANTITY : 50,000 MT (+/-10%) MOLOO

LAYCAN : 26TH MAR-5TH APR 08

LOADPORT : 1 SP 1 SB HALDIA & 1 SP 1SB PARADIP, INDIA

DISCHARGE PORT : 1 SP 1 SB MAIN PORT CHINA WHERE CHARTERERS GUARANTEE
MINIMUM 12 MTRS SSW ALONGSIDE DRAFT

FREIGHT RATE : - USD 58 PMT BASIS 2 / 1 FOR MAIN PORT CHINA

FREIGHT PAYMENT : 100% OF FREIGHT TO BE CREDITED TO OWNERS BANK ACCOUNT
WITHIN 2 BANKING DAYS OF COMPLETION OF LOADING.

OWNERS BANK DETAILS :

BENEFICIARY : JALDHI OVERSEAS PTE LTD
BANKER : DBS BANK LIMITED, SINGAPORE
SWIFT CODE : DBSSSGSG
CHIPS : CH034675
ACCOUNT NO. : (USD) – 0003 – 001191 – 01 – 8 – 022 VIA
AGENT BANK : BANK OF NEW YORK, NEW YORK
SWIFT CODE : IRVTUS3N

PURPOSE : PAYMENT OF FREIGHT CHARGES FOR M. V. RISHIKESH OR SUBS

LOADRATE : HALDIA : 8,000 MT SHINC
PARADIP: 10,000 MT SHINC

DISCHARGE RATE : 15,000 MT SHINC



1

TURNTIME : 12 HOURS AT 1ST LOADPORT & DISPORT UNLESS USED IN WHICH CASE ACTUAL TIME USED TO COUNT. TIME WAITING FOR BERTH SHALL COUNT AS LAYTIME WHETHER OR NOT FREE PRACTIQUE IS GRANTED.

DEMURRAGE : DEMURRAGE WILL BE CHARGED BENDS AT USD 55,000 PER 24 CONSECUTIVE HOURS OR PRORATA, HALF DESPATCH. DEMURRAGE AND/OR DESPATCH SHOULD BE SETTLED WITHIN 7 DAYS AFTER COMPLETION OF DISCHARGE AT THE DISCHARGE PORT.ONCE ON DEMMURAGE ALWAYS ON DEMMURAGE

PART SHIPMENT : NOT PERMITTED

TRANSSHIPMENT : NOT PERMITTED

LOADPORT/DISPORT AGENT : OWNER'S AGENT

OTHER TERMS :

1) ANY TAXES/DUES ON CARGO FOR CHARTERER'S A/C. WHARFAGES ON CARGO FOR CHARTERER'S A/C.

2) ANY TAXES/DUES ON FREIGHT AND/OR VESSEL FOR OWNER'S A/C. WHARFAGES ON VESSEL FOR SHIPPERS A/C.

3) NOTICE OF ARRIVAL TO BE SERVED 48HR, 24HR PRIOR TO VESSEL'S ARRIVAL.

4) ARBITRATION IN LONDON, ENGLISH LAW TO APPLY.

5) SUBJECT OWNERS APPROVAL OF CHARTERER'S EXECUTED GENCON C/P PROFORMA

6) BILL OF LADING TO BE ISSUED ON CONGEN FORM AS PER M/R DULY SIGNED BY MASTER OR HIS AUTHORISED AGENT AT LOADPORT.

7) NOTICE OF READINESS TO BE TENDERED ON ARRIVAL OF THE VSL AT LOADPORT ATDNSHINC. NOR MAY BE TENDERED BY CABLE OR BY OWNER'S LOADPORT AGENT IN WRITING TO SHIPPER/CHARTERER, WIBON, WIFPON, WICCON.

8) OWNERS NOT RESPONSIBLE FOR THE GRADE/ QUALITY OF CARGO LOADED.

9) OWNER CONFIRM VSL IS FULLY COVERED AND CARRYING UPTO DATE P&I COVERAGE AND INSURANCE /INSPECTION

10) OWNER TO PROVIDE CLEAN HATCHES/HOLDS FOR LOADING.

11) CARGO TO BE DELIVERED BY SHIPPER ON FOB S.T. BASIS AS PER THEIR TERM OF LOADING.

12) CHARTERERS ACCEPT STOWAGE AS PER MASTER'S RECOMMENDED STOWAGE PLAN (TO BE FURNISHED AT A LATER DATE)

13) SHIPSIDE TALLY TO BE FOR OWNER'S A/C. SHORESIDE TALLY TO BE FOR CHARTERER'S ACCOUNT.

2



14) CARGO QUANTITY TO BE DETERMINED AS PER DRAFT SURVEY AND SAME SHALL BE FINAL AND BE MENTIONED ON BL.

15) LAYTIME TO CEASE AFTER COMPLETION OF DRAFT SURVEY AT ALL PORTS.

16) SHIFTING TIME TO COUNT

17) CARGO TO BE LOADED AT HALDIA UPTO MAX PERMISSIBLE HALDIA DRAFT TO PERMIT SAILING OF THE VESSEL IN 2ND SAILING SLOT ELSE LAYTIME TO CONTINUE TO COUNT TILL VESSEL PASSES LOCK GATE AT HALDIA AFTER COMPLETION OF LOADING.

18) CHARTERERS TO PROVIDE CARGO CERTIFICATION AS REQUIRED UNDER IMO/OWNERS P & I CLUB GUIDELINES

19) BIMCO ISM CLAUSE TO APPLY

20) SHORE GRABS FOR LOADING TO BE PROVIDED BY SHIPPERS AT THEIR TIME & COST

21) THE VESSEL TO LOAD CARGO ONLY UPTO 2ND SAILING DRAFT AS DECLARED BY HALDIA PORT AUTHORITIES

END

FOR CHARTERERS,
RASHMI METALIKS LIMITED

------------------------------
(AUTHORISED SIGNATORY)

FOR OWNERS
JALDHI OVERSEAS PTE LIMITED

------------------------------
(AUTHORISED SIGNATORY)

3

# EXHIBIT B

6/20/2008

## LAYTIME STATEMENT

| MV | Rishikesh | | |
|---|---|---|---|
| Demmurage | USD 55,000.00 | Despatch | USD 27,500.00 |
| Port | Haldia | | |
| Total B/L quantity | 23,000.000 MT | | |
| Term | 2.8750 MT | | |
| Laytime allowed | | | |
| Vessel Arrived | 29-Mar-08 | 7:00 | |
| Notice Tendered | 29-Mar-08 | 7:00 | |
| Notice Accepted | 30-Mar-08 | 1:00 | |
| Laytime Commenced | 29-Mar-08 | 19:00 | |
| Laytime Ceased | 3-Jun-08 | 6:00 | |

| DATE | DAY | FROM | TO | REMARKS | COUNT % | TIME USED (dd:hh:mm) |
|---|---|---|---|---|---|---|
| 29-Mar-08 | Sat | 19:00 | 24:00 | Time to count | 100 | 00:05:00 |
| 30-Mar-08 | Sun | 0:00 | 19:05 | Time to count | 100 | 00:19:05 |
| 30-May-08 | Fri | 4:12 | 24:00 | Time to count-Vsl Reberthed | 100 | 00:19:48 |
| 31-May-08 | Sat | 0:00 | 24:00 | Time to count | 100 | 01:00:00 |
| 1-Jun-08 | Sun | 0:00 | 1:07 | Time to count-Vsl on Demrg | 100 | 00:01:07 |
| | | 1:07 | 24:00 | Time to count | 100 | 00:22:53 |
| 2-Jun-08 | Mon | 0:00 | 24:00 | Time to count | 100 | 01:00:00 |
| 3-Jun-08 | Tue | 0:00 | 6:00 | Time to count | 100 | 00:06:00 |
| | | | | | Total time used | 05:01:53 |

| Time Allowed | 02:21:00 | | | |
|---|---|---|---|---|
| Laytime Used | 05:01:53 | | | |
| Demmurage | 02:04:53 | X | USD 55,000 | = |

" For avoidance of doubt, strictly without prejudice to Jaldhi's stand in its dispute with SCI which has now been referred to arbitration in London, Jaldhi reserves its right to claim detention from Rashmi for the period between 1908 hrs on 30.03.2008 and 0412hrs on 30.05.2008 in the event the Tribunal in the arbitration between SCI and Jaldhi/Court on appeal from any decision made by the Tribunal in the arbitration, finds that the vessel was on-hire at any time during this period."

MV Rishikesh-Laytime Calculation/Haldia

# EXHIBIT C

# PARADIP PORT TRUST
## MARINE DEPARTMENT
PARADIP PORT - 754 142, ORISSA (INDIA)

ISO 9001 : 2000
APPROVED BY IRQS

 

IRQS
A DEPARTMENT OF
INDIAN REGISTER OF
SHIPPING

ACCREDITED BY THE
DUTCH COUNCIL FOR
ACCREDITATION

*Capt. G.P. Biswal*
**Dy. Conservator**

Date............................

PARADIP PORT, PARADIP
DATED, THE 11TH JUNE 2008

### <u>TO WHOM IT MAY CONCERN</u>

THIS IS TO CERTIFY THAT MV RISHIKESH COULD NOT BERTHED ON 08.06.2008 (AS PER HER SCHEDULE) AS SHIPPERS HAVE INADEQUATE CARGO STOCK INSIDE PORT, FOR WHICH VESSEL LOST HER PRIORITY / TURN FOR BERTHING.

SHIPPERS HAVE GIVEN THEIR CARGO READINESS AT 1000 HOURS ON 09.06.2008 FOR LOADING 21,000 MTS OF IRON ORE AND ACCORDINGLY VESSEL'S READINESS HAS BEEN TAKEN FOM 1000 HOURS ON 09.06.2008.

THIS IS FOR YOUR KIND INFORMATION, NEEDFUL AND RECORDS.

11|6|08

DEPUTY CONSERVATOR
PARADIP PORT TRUST

CAPT. G. P. BISWAL
DY. CONSERVATOR
PARADIP PORT TRUST

# EXHIBIT D

6/20/2008

## DETENTION STATEMENT

| MV | Rishikesh |
|---|---|
| Detention | USD 85,000.00 |
| Port | **Paradip** |

| | | |
|---|---|---|
| Vessel Arrived | 4-Jun-08 | 10:00 |
| Vessel Berthed | 13-Jun-08 | 8:36 |

| DATE | DAY | | FROM | | TO | REMARKS | COUNT % | TIME USED (dd:hh:mm) |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| 4-Jun-08 | Wed | | 10:00 | | 24:00 | Vessel Detained | 100 | 00:14:00 |
| 5-Jun-08 | Thu | | 0:00 | | 24:00 | Vessel Detained | 100 | 01:00:00 |
| 6-Jun-08 | Fri | | 0:00 | | 24:00 | Vessel Detained | 100 | 01:00:00 |
| 7-Jun-08 | Sat | | 0:00 | | 24:00 | Vessel Detained | 100 | 01:00:00 |
| 8-Jun-08 | Sun | | 0:00 | | 24:00 | Vessel Detained | 100 | 01:00:00 |
| 9-Jun-08 | Mon | | 0:00 | | 24:00 | Vessel Detained | 100 | 01:00:00 |
| 10-Jun-08 | Tue | | 0:00 | | 24:00 | Vessel Detained | 100 | 01:00:00 |
| 11-Jun-08 | Wed | | 0:00 | | 24:00 | Vessel Detained | 100 | 01:00:00 |
| 12-Jun-08 | Thu | | 0:00 | | 24:00 | Vessel Detained | 100 | 01:00:00 |
| 13-Jun-08 | Fri | | 0:00 | | 8:36 | Vessel Detained | 100 | 00:08:36 |
| | | | | | | | Total time used | 08:22:36 |

**Detention**                    08:22:36 x        USD 85,000

# EXHIBIT E

6/20/2008

## LAYTIME STATEMENT

| MV | Rishikesh | | |
|---|---|---|---|
| Demmurage | USD 55,000.00 | Despatch | USD 27,500.00 |

| Port | Paradip |
|---|---|
| Total B/L quantity | 23,210.000 MT |
| Term | ▓▓▓▓▓ MT |
| Laytime allowed | 2.3210 |
| Vessel Arrived | 4-Jun-08 | 10:00 |
| Notice Tendered | 4-Jun-08 | 10:00 |
| Notice Accepted | 4-Jun-08 | 10:00 |
| Laytime Commenced | 4-Jun-08 | 10:00 |
| Laytime Ceased | 15-Jun-08 | 16:30 |

| DATE | DAY | FROM | TO | REMARKS | COUNT % | TIME USED (dd:hh:mm) |
|---|---|---|---|---|---|---|
| | | | | | | |
| 13-Jun-08 | Fri | 8:36 | 24:00 | Time to count | 100 | 00:15:24 |
| 14-Jun-08 | Sat | 0:00 | 24:00 | Time to count | 100 | 01:00:00 |
| 15-Jun-08 | Sun | 0:00 | 16:18 | Time to count-Vsl on Demm | 100 | 00:16:18 |
| 15-Jun-08 | Sun | 16:18 | 16:30 | Time to count | 100 | 00:00:12 |
| | | | | | Total time used | 02:07:54 |

| Time Allowed | 02:07:42 |
|---|---|
| Laytime Used | 02:07:54 |
| Demmurage | 00:00:11 X USD 66,000 = ▓▓▓▓▓ |

MV Rishikesh-Laytime Calculation/Paradip

# EXHIBIT F

# JALDHI OVERSEAS PTE LIMITED

### Registration #200414910Z

| DEBIT NOTE | |
|---|---|
| **Charterer**<br><br>RASHMI METALIKS LTD | **Invoice No.& Date**<br><br>D-031 /RISHIKESH/20-JUNE-2008 |
| | **Ref:** |
| **Vessel/Flight No**<br><br>M.V.RISHIKESH | **Port of Loading**<br><br>HALDIA & PARADIP INDIA | **Terms of Payment**<br><br>AS PER FIXTURE NOTE / CP |
| **Port of Discharge**<br><br>ANY PORT | **Final Destination**<br><br>CHINA | |

| Description | Amount |
|---|---|
| TOWARDS DEMMURAGE AT LOADPORT:<br>HALDIA<br>PARADIP | $121,190.97<br>$449.17 |
| TOWARDS DETENTION AT PARADIP: | $760,041.67 |
| **Please remit to:** | |
| Agent Bank:    CITI BANK New York | |
| Swift Code:    CITIUS33 | |
| Beneficiary Banker:    CITI BANK, Singapore | |
| Swift code:    CITISGSG | |
| Beneficiary:    Jaldhi Overseas Pte Ltd | |
| Beneficiary a/c:    USD A/C-0850248-028 | |
| **Amount Payable** | **$881,681.81** |

E & O.E.

For avoidance of doubt, strictly without prejudice to Jaldhi's stand in its dispute with SCI which has now been referred to arbitration in London, Jaldhi reserves its right to claim detention from Rashmi for the period between 1905 hrs on 30.03.2008 and 0412hrs on 30.05.2008 in the event the Tribunal in the arbitration between SCI and Jaldhi/Court on appeal from any decision made by the Tribunal in the arbitration, finds that the vessel was on-hire at any time during this period.

For
**JALDHI OVERSEAS PTE LTD.**

amit

**Authorised Signatory**

# EXHIBIT G

# JALDHI OVERSEAS PTE LIMITED
Registration #200414910Z

| | |
|---|---|
| **Charterer** RASHMI METALIKS LTD | **FREIGHT INVOICE** **Invoice No.& Date** F-00205/RISHIKESH/DATED 16 JUNE 2008 **Ref:** |
| **Vessel/Flight No** MV RISHIKESH | **Port of Loading** HALDIA & PARADIP INDIA | **Terms of Payment** AS PER FIXTURE NOTE / CP |
| **Port of Discharge** ANY PORT | **Final Destination** CHINA | |

| Description | Quantity | Freight | Amount |
|---|---|---|---|
| FREIGHT PAYABLE ON BL QUANTITY | 46210.000 MTS | $58.00 per MT | $2,680,180.00 |

Please remit to:
Bank Details
Agent Bank:          Citibank, New York
Swift Code:          CITIUS33
Beneficiary Banker:  CITI BANK, SINGAPORE
Swift Code:          CITISGSG
Beneficiary:         JALDHI OVERSEAS PTE. LTD.
Beneficiary A/c:     USD A/C - 0-850248-028

| Amount Payable | $2,680,180.00 |
|---|---|

E & O.E.

For
JALDHI OVERSEAS PTE LTD.

Authorised Signatory